UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELENA GOUDELIAS, individually and on behalf of others similarly situated,

                Plaintiff,

-v-

SECRIST MARKETING STRATEGIES LLC d/b/a BKA CONTENT, et al.,

                Defendants.

23-CV-08928 (RFT)

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR (1) CERTIFICATION OF THE SETTLEMENT CLASS AND FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT; (2) FINAL APPROVAL OF CLASS REPRESENTATIVE AND CLASS REPRESENTATIVE'S SERVICE AWARD; (3) FINAL APPROVAL CLASS COUNSEL AND THEIR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND (4) FINAL APPROVAL OF SETTLEMENT ADMINISTRATOR AND THEIR COSTS**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

    WHEREAS, the Parties entered into a final settlement totaling $250,000 in a Settlement Agreement and Release ("Settlement Agreement") (ECF 37-3, Goodley 5/29/2 Decl. Ex. 2); and

    WHEREAS, on May 29, 2024, Plaintiff filed a motion for preliminary approval of the class settlement (ECF 37, Mot. for Prelim. Approval), which Defendants did not oppose; and

    WHEREAS, on July 2, 2024, the Court held a telephonic status conference, at which Plaintiff addressed the reasonable efforts the administrator planned to take to locate the addresses of missing class members who claims notices were returned without a forwarding address and their reasoning for having any unclaimed funds go to a cy pres trust; and

    WHEREAS, on July 16, 2024, Plaintiff submitted an Amended Settlement Agreement and Release ("Amended Settlement Agreement") that included certain changes requested by the Court (ECF 40-1, Letter Ex. 1); and

WHEREAS, on July 29, 2024, this Court entered an Order preliminarily approving the settlement, conditionally certifying the settlement class, appointing Goodley McCarthy LLC ("GM") as Class Counsel, appointing RG2 Claims Administration LLC ("RG2") as Settlement Administrator and authorizing notice to all class members (ECF 41, Preliminary Approval Order); and

WHEREAS, on July 31, 2024, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), notices were sent to the appropriate state and federal Attorneys General informing them of the Settlement (*see* ECF 44-3, Declaration of Dana Boub Dated 9/30/24 ("Boub Decl.") ¶ 4); and

WHEREAS, on October 8, 2024, Plaintiff filed a Motion (1) for Certification of the Settlement Class and Final Approval of the Class Action Settlement, (2) Final Approval of Plaintiff as Class Representative of the Settlement Class and Final Approval of a Service Award, (3) Final Approval of GM as Class Counsel for the Settlement Class and of Class Counsel's attorneys' fees and expenses, and (4) Final Approval of Settlement Administrator and their costs (ECF 44, Corrected Mot. for Final Approval), which Defendants did not oppose; and

WHEREAS, the Court held a fairness hearing on October 10, 2024; and

WHEREAS, no objections were lodged to the settlement, the service award or the attorneys' fees and expenses; and

WHEREAS, only one opt-out request was made, but it was not timely filed, and the individual making the request acknowledged that the request was untimely;

NOW, THEREFORE, having considered the Corrected Motion for Final Approval, the arguments presented at the October 10, 2024 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the October 10, 2024 fairness hearing, and for good cause shown, it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Amended Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action and all matters relating thereto, and over all parties.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from members of the Class to such certification.

5. The Court confirms as final the appointment of Plaintiff Elena Goudelias as representative of the Class.

6. The Court confirms as final the appointment of GM as Class Counsel.

8. The Court finds that the Notice distributed to class members pursuant to the Preliminary Approval Order was fair and adequate to apprise members of the Class of the settlement and that the process by which the Notice was distributed complies with all requirements, including constitutionally required due process. (*See* ECF 44-3, Boub Decl.)

9.   Pursuant to Rule 23(e), this Court hereby grants the Corrected Motion for Final Approval and finally approves the Amended Settlement Agreement. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on members of the Class who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.

10.  The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).

11.  The Court also finds that the settlement is substantively fair. All the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. Specifically, the Court finds that the settlement is adequate given: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of Defendants to withstand a greater judgment; and (7) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See Grinnell*, 495 F.2d at 463.

12.  The Court hereby awards Class Counsel $83,333.33, which is approximately one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the

number of hours worked by Class Counsel; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised; (E) a lodestar cross-check;[1] and (F) Class Counsel's recognized experience and expertise in the market. *See Goldberger v. Integrated Res.*, 209 F.3d 43, 50 (2d Cir. 2000).

13. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $5,350.27, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting this action. The attorneys' fees and the amount in reimbursement of litigation expenses shall be paid from the Settlement Fund.

14. The Court approves and finds reasonable a service award for the named plaintiff, Goudelias, in the amount of $10,000.00, in recognition of the services she rendered on behalf of the class. This amount shall be paid from the Settlement Fund, subject to the terms of the Amended Settlement Agreement.

---

[1] With respect to the lodestar cross-check, the Court finds that the hourly rates attributed to the attorney timekeepers (*see* ECF 44-2, Goodley 10/7/24 Decl. ¶ 42) are within the range of rates approved in this District for attorneys of their experience; the hourly rates attributed to staff members (*see id.*) are higher than the rates typically approved in this District. The time billed by counsel and staff (*see* ECF 48-1, Billing Records) was reasonable and appropriate for the tasks completed. The multiplier as calculated based upon GM's rates and hours was 1.42. (*See* ECF 44-2, Goodley 10/7/24 Decl. ¶ 42.) Even if the multiplier were doubled based upon a reduction in staff member rates, the Court is satisfied that the fee award is fair and reasonable. *See Pinzon v. Jony Food Corp.*, No. 18-CV-0105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (awarding one-third fee award when lodestar multiplier was 5.23 in recognition of swift resolution of case).

15. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $6,692.00, which shall be paid out of the Settlement Fund, according to the terms of the Amended Settlement Agreement.

16. **The Court hereby fully and finally dismisses this action in its entirety and with prejudice.** Neither Plaintiff nor Defendants to this action shall be considered a prevailing party or parties.

17. The Court retains jurisdiction over this action for the purpose of enforcing the Amended Settlement Agreement.

18. The Clerk of Court is respectfully requested to terminate all outstanding motions and close the case.

DATED:   November 1, 2024
         New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge

6